IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.	4:16-CR-00021-SWW

DEDRICK DEWON THOMPSON

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 191) and motion to amend (Doc. No. 192) are DENIED.

**I.  BACKGROUND**

On March 15, 2017, Defendant pled guilty to interference with commerce by robbery.[1] On August 29, 2017, he was sentenced to 96 months in prison.[2]

**II.  DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

---

[1] Doc. Nos. 105, 106.

[2] Doc. Nos. 156, 158

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant requested compassionate release on April 27, 2021, and that request was denied. It is not clear whether Defendant appealed the denial. However, the Court will assume he has exhausted his administrative remedies and that the issue is properly before this Court.

Defendant seeks compassionate release because he asserts that his partial paralysis because of Bell's palsy puts him at higher risk if he contracted COVID-19. First, Bell's palsy is not an "extraordinary and compelling" reason warranting release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Defendant's health condition is not listed. Although being wheelchair bound makes things more difficult, he does not assert that he is unable to function independently within prison. Second, "fear of contracting COVID-

---

[4]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[5]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]  While it may be considered with other factors, that is not an issue in this case.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has prior convictions for residential burglary, possession with intent to deliver drugs, felon in possession of a firearm, and possession of a controlled substance. Notably, his prior convictions involve the same behavior as the instant offense. Additionally, Defendant committed the instant offense while on parole for a prior conviction.

The severity of the instant offense also must be considered. Defendant and several co-conspirators robbed, at gun point, numerous pharmacies.  Defendant and his co-conspirators also repeatedly attempted to pass and did pass forged prescriptions. Subsequently they sold the drugs on the streets.  On August 16, 2015, an Arkansas State Trooper attempted to conduct a traffic stop on a car driven by Defendant.  Defendant fled at a high rate of speed and eventually caused the trooper to crash into his vehicle.

---

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Ultimately, Defendant was responsible for stealing and distributing thousands of prescription pills.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 191) and Motion to Amend or Supplement the Motion for Compassionate Release (Doc. No. 192)[1] are DENIED.

IT IS SO ORDERED, this 1st day of June, 2021.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] The Court has reviewed the motion to amend, which does not alter the Court's findings and decision to deny compassionate release.